BENHAM ICE CREAM CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 3401.   Decided October 19, 1926.

Depreciation of tangible assets determined.

*Neil E. Larkin, Esq.*, for the petitioner.
*George E. Adams, Esq.*, for the respondent.

The Commissioner has determined a deficiency in income and profits taxes for the year 1919 in the amount of $7,409.47, of which $5,512.99 is in controversy. The petitioner alleges that the Commissioner erred in reducing the amounts claimed as deductions from gross income for the taxable year on account of depreciation of certain of its plant assets, but admitted at the hearing that the Commissioner's computation of such depreciation on tubs, cans and cabinets was correct.

### FINDINGS OF FACT.

The petitioner is a California corporation with its principal office at Fresno. During the taxable year it was engaged in the manufacture and sale at wholesale and retail of ice cream and water ices. Its trade territory was the San Joaquin valley, covering an area 75 by 200 miles. It delivered 10 per cent of its sales to places outside of Fresno.

The business of the petitioner is somewhat seasonal, the period of its intensive work and maximum production extending from April to October, inclusive, during which more than 90 per cent of its product is manufactured and marketed. During the taxable year all its departments were operated continuously for 24 hours daily during the busy season, and for that period 40 persons were employed on the day shift and 20 at night.

It was the custom of the petitioner to make all additions to and replacements of plant and equipment during the first three months of the year. All repair work, except that on account of breakage and accidents, was done during the same period.

The parties agree that the books of the petitioner showed a total value of depreciable assets at the end of the year 1919 in the amount of $178,631.23. Upon this valuation the petitioner computed depreciation at the rate of 33⅓ per cent on its auto trucks and automobiles, at 15 per cent on its machinery and equipment, and at 5 per cent on its factory buildings, in the total amount of $33,893.13, which it deducted from its gross income in its income and profits-tax return for the taxable year. Upon audit of such return the Commissioner computed depreciation on auto trucks and automobiles at 25 per cent, on machinery and equipment at 10 per cent, and on factory buildings at 2½ per cent, and applied such rates to the average balances in each of such groups of assets for the year.

The useful life of the auto trucks and automobiles used by the petitioner during the taxable year was not more than 3 years; that of the plant equipment and machinery was not more than 7 years; and that of the factory buildings was not more than 25 years. The petitioner admits that the Commissioner correctly determined the depreciation on tubs, cans and cabinets. The value of the build-

ings should be increased in the amount of $5,064.69, the cost of additional construction prior to April 1, 1919.

OPINION.

LANSDON: The two issues involved in this proceeding are (1) the correct basis for depreciating the book values of the tangible assets owned by the petitioner at the close of the taxable year, and (2) the proper rates of depreciation to be applied to such values. We have held that depreciation is a matter of fact to be established by satisfactory evidence. *Appeal of Cleveland Home Brewing Co.,* 1 B. T. A. 87.

The petitioner has proved that substantially all its additions to equipment and machinery were made prior to April 1, 1919, and were in use in the production of not less than 94 per cent of its total output for the year. We are of the opinion that the balances in assets accounts at the end of the year are the proper bases for the computation of depreciation by this petitioner. In the *Appeal of the Robert P. Hyams Coal Co.,* 1 B. T. A. 217, upon which the Commissioner relies to support his method, the conditions were different in that additions to equipment were made throughout the year, and also in that, so far as disclosed in the findings of fact in that appeal, the production of the mine was uniform throughout the taxable year.

The evidence adduced by the petitioner convinces us that the depreciation rates of 33⅓ and 15 per cent on auto trucks and automobiles and machinery and equipment, respectively, used in the manufacture and sale of ice cream is reasonable. *Appeal of J. C. Eves,* 2 B. T. A. 115. The factory buildings of the petitioner were of concrete, tile and wood construction and were subject to unusual wear and tear on account of the nature of the business and by reason of vibration resulting from the use of heavy machinery. We are of the opinion that the useful life of such structures, so used, is not more than 25 years.

*Judgment will be entered on 20 days' notice, under Rule 50.*